E-Filed 10/30/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STREAMLINE BUSINESS GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VIDIBLE, INC., et al.,<br><br>Defendants. | Case No.  15-mc-80237-HRL<br><br>**ORDER TRANSFERRING MOTIONS**<br>Re: Dkt. Nos. 1, 3 |

Streamline Business Group, LLC ("Streamline") sues Vidible, Inc., Michael Hyman, and Timothy Mahlman ("Defendants") in the Eastern District of Pennsylvania with claims related to an alleged verbal agreement. Judge Michael M. Baylson presides over that case. 2:14-cv-1433-MMB (E.D. Pa.). Streamline served local non-party Silicon Valley Bank ("SVB") with a subpoena that requests the production within this district of financial records related to defendant Vidible, Inc. Streamline also served a subpoena on non-party JP Morgan that requests the production of similar records within the Eastern District of Pennsylvania. Defendants moved Judge Baylson to quash both subpoenas. Streamline, with Defendants' motion to quash both subpoenas pending, moved the undersigned to compel production pursuant to the SVB subpoena. Defendants, in response, moved the undersigned to quash the subpoena, but also concurrently moved the undersigned to transfer the subpoena-related motions before him to Judge Baylson instead of ruling on them.

The court read the parties' briefs and considered the governing law. The court transfers Streamline's motion to compel and Defendants' motion to quash to the Eastern District of Pennsylvania for consideration by Judge Michael M. Baylson.

**Discussion**

Streamline argues: (1) Defendants and SVB waived their objections to the subpoena

because Defendants did not timely file those objections; (2) Defendants improperly moved to quash the SVB subpoena in the district where the subpoena was issued instead of the district where production is requested; and (3) there is no valid reason to transfer the subpoena-related motions before this court. Defendants respond that the SVB subpoena should be quashed for violating previous discovery orders and that transfer of the motions related to the SVB subpoena is proper to avoid the risk of inconsistent rulings on motions that involve the same legal issues.

A federal court may transfer a subpoena-related motion to the court that issued the subpoena if "exceptional circumstances" support the transfer. Fed. R. Civ. P. 45(f). If a motion involves issues already ruled upon by the issuing court, then transfer to the issuing court might be justified in order to avoid the disruption of the issuing court's management of the underlying case. Fed. R. Civ. P. 45(f), Advisory Committee Note. The compliance court should weigh the burden that the transfer would impose on the subpoenaed local non-party against the benefit of avoiding disruption in the issuing court. *Id.*; *Moon Mountain Farms, LLC v. Rural Community Insurance Company*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014).

The motions before this court that relate to the SVB subpoena involve issues already ruled upon by Judge Baylson. The resolution of the motions depends upon the interpretation of Judge Baylson's previous orders about the scope of discovery: Defendants argue Streamline may request only documents generated prior to the year 2015 which are relevant to liability, but that instead both subpoenas request recently generated documents that are relevant only to the degree of damages. This court might disrupt Judge Baylson's management of the underlying case if this court rules on whether to compel production pursuant to the SVB subpoena while Judge Baylson considers whether both subpoenas should be quashed for violation of his previous orders.

The court is mindful that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" when the compliance court transfers a subpoena-related motion to the issuing court. Fed. R. Civ. P. 45(f), Advisory Committee Note. Local non-party SVB has not opposed the requested transfer. Rather, a quote attributed by Streamline to an SVB representative tends to show SVB intends to rely upon the motion to quash filed by Defendants: "I just wanted to let you know that the defendant's attorney is filing a motion to quash and so [SVB]

1  will not be producing on this." Dkt. No. 2 at 2.  Likewise, SVB did not file any motions, briefs, or
2  declarations in this court with respect to any of the subpoena-related motions.  It appears likely
3  that SVB is in contact with Defendants, that SVB has decided to rely upon the motions filed by
4  Defendants, and that SVB will continue to rely on those motions if this court transfers the
5  subpoena-related motions to the Eastern District of Pennsylvania.  *See Moon Mountain Farms*,
6  301 F.R.D. at 430 (finding no undue burden would result from the transfer of a subpoena-related
7  motion when the substantive issues related to that motion had already been briefed and the briefs
8  could easily be refiled with the issuing court).  SVB will not be unduly burdened if this court
9  transfers motions related to the SVB subpoena to the Eastern District of Pennsylvania.

The court also consulted with Judge Baylson to determine whether it would be appropriate to grant Defendants' motion to transfer.  Fed. R. Civ. P. 45(f), Advisory Committee Note.  Judge Baylson agreed that transfer would be appropriate to avoid disruption of the underlying litigation in the Eastern District of Pennsylvania.

**Conclusion**

The benefit of avoiding disruption in the issuing court far outweighs the minimal burden, if any, that transfer of the subpoena-related motions will impose on SVB.  The motions before this court that relate to the SVB subpoena—Streamline's motion to compel and Defendants' motion to quash—are transferred to the Eastern District of Pennsylvania for consideration by Judge Michael M. Baylson.

**IT IS SO ORDERED.**

Dated: 10/30/15

_____
HOWARD R. LLOYD
United States Magistrate Judge